UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AGUSTIN PINEDA CRUZ,

Petitioner,

v.

TODD LYONS, et al.,

Respondents.

No.  1:26-cv-02478-DAD-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

The undisputed record in this case demonstrates that petitioner came to the United States in 1999 without being inspected by immigration officials and has continuously resided within the country since then.  ECF No. 1 at 5.  He married a U.S. Citizen and filed an immigrant visa petition for a non-citizen relative, or I-130, which was approved by U.S. Citizenship and Immigration Services ("USCIS").  ECF No. 1-2.  According to petitioner's counsel, he has a "pending parole-in-place application with USCIS."  ECF No. 1 at 5; see also ECF No. 1-3.  There is no indication in the record that petitioner has been arrested or committed any crimes while living in the U.S. or that he has a pending order of removal.

Petitioner was detained by Immigration and Customs Enforcement ("ICE") on February

1

19, 2026 and is currently in custody at the California City Corrections Center located in this judicial district.  ECF No. 11-1.  Petitioner asserts that his ongoing detention violates the Fifth Amendment Due Process Clause as well as 8 U.S.C. § 1226(a).  ECF No. 1 at 10-13. Respondents' answer contends that petitioner is an "applicant for admission" who is subject to mandatory detention under 8 U.S.C. § 1225(b).  ECF No. 19.

Considering the undisputed record in this case, and consistent with the court's reasoning and ruling in Cardenas v. Chestnut, et al., No. 1:26-cv-02073-DAD-SCR, 2026 WL 785871 (E.D. Cal. Mar. 20, 2026), which returned petitioner to the status quo ante by granting his immediate release for the reasons explained in Maciel v. Noem, No. 1:26-cv-01318-DC-CKD (HC), 2026 WL 496948, at *5 (E.D. Cal. Feb. 23, 2026), the undersigned finds that petitioner is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) and is, therefore, entitled to relief.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be granted on count two based on a violation of the Immigration and Nationality Act.[1]

2.  Respondents be ordered to immediately release petitioner from respondents' custody.

3.  At the time of his release, respondents shall return all of petitioner's documents and property in their custody and control.

4.  Respondents be further directed not to re-detain petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

5.  The Clerk is directed to serve the **California City Corrections Center** with a copy of this Order.

6.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

These findings and recommendations are submitted to the United States District Judge

---

[1]  In the interests of judicial economy, any remaining due process claim in the § 2241 petition are not addressed herein.

2

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 9, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE